OPINION OF THE COURT — by the
Hon. JOHN BLACK.
Motions were made in each of the above entitled suits to appropriate the money made by the sheriff, of which he has made a special return, each execution contending for preference, which motions were referred to this court by the judge of the circuit court, on a statement of facts.
The question proposed for consideration is, whether under the act of the legislature of 1824, by which all property, real and personal, is hound from the entering of judgments; the court will consider of the fractional parts of a day, and give preference to one judgment over another, when-they are both entered upon the same day, but the one prior in point of time-to the other: it would appear both just and reasonable, when time is-necessary tobe considered, in order to determine the substantial rights of a party, that the court should discard all these fictions of Jaw sometimes necessary to preserve the harmony and symmetry of its proceedings, and consider it in its various divisions. The court will not endure that a mere fiction at law, introduced for the sake of justice shall work a wrong. The courts in England, as well as those in the United States, have been governed by these principles. In Johnson vs. Smith, 2 Barrow, 950, it was determined, that when the substantial rights of a party required that the real time of sueing out a latitat should be shewn, it might be done, notwithstanding the fiction of law which extended the teste to the term previous. The point raised in this case was first insisted Upon in Adams-vs Dyer; 8 John. 347, which case was determined on a different principle; but from the principles upon which the court proceed, it is to be inferred, if the facts had been made out by legal proof, the court would have considered the day divided into fractional parts. The same question was afterwards raised in the supreme court, of the same state, in cases precisely *431 ¡SmalagoüS to those, before this court — 1 Cowan, 592, in which it was ■expressly determined, that the court will ascertain the real and true time when judgments are entered, and the lien attaches in favor of that first entered. Priority was then determined in favor of the judgment entered 'five minutes before the others.
It is unnecessary to determine, in the present case, what would be the «Sect of a judgment by default, which is made final by (our statute, on the adjournment of the court,- in both the present cases juries were em-'-pannelled, and judgment entered up forthwith on motion.
It appearing by the minutes of the court that the judgment in the case «of F. Biggam vs. Merritt, was first entered, it will be entitled to be first satisfied.
All the judges concurred.